IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN GUZMAN PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No.  26 CV 5891 |
| v. | ) | |
| | ) | Hon. Jeffrey I. Cummings |
| BRINSON SWEARINGEN, Sherrif, | ) | |
| Clay County Jail, [1] | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Before the Court is Petitioner's petition for writ of habeas corpus, (Dckt. #1), in which he alleges his rights are being violated by his continued detention following his recent arrest by U.S. Immigration and Customs Enforcement agents.  The Court has reviewed Respondent's response, (Dckt. #7)—in which Respondent simply relies upon the arguments made (and rejected) in a prior case before this Court, among many others—and Petitioner's reply, (Dckt. #9).

For the reasons set forth in detail in this Court's Opinion in *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787 (N.D.Ill. Oct. 24, 2025), Petitioner's detention without an individualized custody determination violates the Immigration and Nationality Act ("INA"), and the Court thus grants the petition for writ of habeas corpus, (Dckt. #1).  Specifically, the Court finds that: (1) the Court has jurisdiction over the petition, *see id*. at **2–3; (2) the ripeness doctrine does not bar adjudication of the petition, *see id.* at **3–4; (3) Petitioner is detained under Section 1226(a) of the INA rather than Section 1225(b)(2), *see id*. at **4–9; and (4) Petitioner is not required to exhaust his administrative remedies because doing so would be futile, *see id*. at *9; *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, --- F.4th ---- 2026 WL 1223250, at *21 (7th Cir. May 5, 2026) ("In summary, the text, statutory context, legislative history, and long-standing Executive practice all confirm that §1225(b)(2)(A) applies to 'applicants for admission' who are seeking lawful entry at the border or ports of entry and not to noncitizens unlawfully living in the country's interior.");[2] *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026) ("We therefore find that an

---

[1] Respondent represents that petitioner has been transferred to Clay County Jail in Brazil, Indiana, which is under the purview of Brinson Swearingen.  Because Swearingen is petitioner's immediate custodian, the Court substitutes him as Respondent in this matter pursuant to Federal Rule of Civil Procedure 25(d). Moreover, Respondent has confirmed that petitioner was in custody in Illinois when he filed his petition and, as such, "the Court may properly hear the petition regardless of his subsequent transfer."  *Flores v. Olson*, No. 25 C 12916, 2025 WL 3063540, at *1 (N.D.Ill. Nov. 3, 2025).

[2] Although the Seventh Circuit's decision in *Castanon-Nava* does not provide controlling authority on this issue, the Court finds Judge Lee's analysis to be persuasive.

'applicant for admission' is not necessarily 'seeking admission.'  Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, §1225(b)(2)(A)'s mandatory detention scheme does not apply to them."); *Hernandez Alvarez v. Warden Miami FDC*, --- F.4th ----, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026) (same); *Cunha v. Freden*, --- F.4th ----, 25-3141-pr, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) (same).

In light of these findings, the Court need not separately address whether Petitioner's detention without a bond hearing violates his due process rights.

Within five days of this order, Respondent must either: (1) provide Petitioner with a bond hearing before an Immigration Judge, at which the Government shall bear the burden of justifying—by clear and convincing evidence of dangerousness or flight risk—Petitioner's continued detention; or (2) release Petitioner from custody under reasonable conditions of supervision.  The parties shall file a joint status report by 6/5/26 that updates the court on Petitioner's release status, including whether and when a bond hearing was held, and informs the court, in detail, the reasons for the Immigration Judge's decision.

**Date: May 28, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**

2